The document below is hereby signed.

Signed: June 12, 2009.



```
_____
S. Martin Teel, Jr.
United States Bankruptcy Judge
```

```
              UNITED STATES BANKRUPTCY COURT
               FOR THE DISTRICT OF COLUMBIA

In re                        )
                             )
DARRYLE A. CARTER,           )   Case No. 09-00307
                             )   (Chapter 13)
          Debtor.            )   Not for Publication in
                             )   West's Bankruptcy Reporter
```

MEMORANDUM DECISION RE MOTION TO DISMISS

The trustee has sought to dismiss this case, invoking (among other grounds) 11 U.S.C. § 521(i) based on failure of the debtor to file certain documents required by 11 U.S.C. § 521(a)(1) within 45 days after the commencement of the case.  The debtor filed his petition on April 15, 2009, and the documents were required by Fed. R. Bankr. P. 1007 to be filed by April 30, 2009. The 45th day after commencement of the case was May 30, 2009.

On May 20, 2009, the debtor filed a motion seeking an enlargement to May 30, 2009, of the time set by Rule 1007 for filing the required documents.  That motion has been granted, and because May 30, 2009, was a Saturday, the deadline for filing the required documents was Monday, June 1, 2009.  The required documents were not filed by June 1, 2009.

Under § 521(i)(3), "upon request of the debtor made within 45 days after the date of the filing of the petition . . ., the court may allow the debtor an additional period of not to exceed 45 days to file the information required under subsection (a)(1) if the court finds justification for extending the period for the filing."  The 45th day after the filing of the petition was May 30, 2009.  The order granting the debtor until Monday, June 1, 2009, to file the required documents can be treated as extending the 45-day deadline of § 521(i)(3) to June 1, 2009.  No further motion to extend the time for filing the required documents was filed under § 521(i)(3) by either May 30, 2009, or June 1, 2009.

On Tuesday, June 2, 2009, the debtor filed another motion to extend the time for filing the required documents.  That second motion was not filed by the extended deadline sought by the earlier motion.  Because the second motion was not filed within the 45-day period of time, enlarged pursuant to the earlier motion to June 1, 2009, the court has no discretion to grant the second motion.  The statute, in unambiguous terms, requires that an extension of the 45-day period set forth in § 521(i)(1) be sought before that 45-day period has expired.  An order follows dismissing the case, and reserving for later determination at the hearing set for June 12, 2009, the issue of whether the dismissal, as requested by the trustee, should be with prejudice.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 13 Trustee.